NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

AUG 23 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CLAUDIA ESMERALDA PORTILLO; et al.,<br><br>Petitioners,<br><br>v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>Respondent. | No.    16-72257<br><br>Agency Nos.    A206-848-818<br>A206-848-819<br>A206-848-799<br>A206-848-800<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 17, 2022**

Before:    S.R. THOMAS, PAEZ, and LEE, Circuit Judges.

Claudia Esmeralda Portillo and her children, natives and citizens of El

Salvador, petition pro se for review of the Board of Immigration Appeals' ("BIA")

order dismissing their appeal from an immigration judge's decision denying their

applications for asylum and denying Portillo's applications for withholding of

---

\*    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

removal and protection under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review de novo the legal question of whether a particular social group is cognizable, except to the extent that deference is owed to the BIA's interpretation of the governing statutes and regulations. *Conde Quevedo v. Barr*, 947 F.3d 1238, 1241-42 (9th Cir. 2020). We review for substantial evidence the agency's factual findings. *Id.* at 1241. We deny the petition for review.

Substantial evidence supports the agency's determination that the harm Portillo experienced in El Salvador, even considered cumulatively, did not rise to the level of persecution. *See Nagoulko v. INS*, 333 F.3d 1012, 1016 (9th Cir. 2003) ("Persecution . . . is an extreme concept that does not include every sort of treatment our society regards as offensive." (citation and internal quotation marks omitted)).

The agency did not err in concluding that Portillo did not establish membership in a cognizable particular social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1131 (9th Cir. 2016) (in order to demonstrate membership in a particular social group, "[t]he applicant must 'establish that the group is (1) composed of members who share a common immutable characteristic, (2) defined with particularity, and (3) socially distinct within the society in question'" (quoting *Matter of M-E-V-G-*, 26 I. & N. Dec. 227, 237 (BIA 2014))); *see also Diaz-*

16-72257

*Reynoso v. Barr*, 968 F.3d 1070, 1080 (9th Cir. 2020) ("[A] particular social group must exist independently of the harm asserted." (internal citation omitted)); *Conde Quevedo*, 947 F.3d at 1243 (proposed social group not cognizable given absence of society-specific evidence of social distinction).

Thus, petitioners' asylum claim and Portillo's withholding of removal claim fail.

Substantial evidence supports the agency's denial of CAT protection because Portillo failed to show it is more likely than not she would be tortured by or with the consent or acquiescence of the government if returned to El Salvador. *See Aden v. Holder*, 589 F.3d 1040, 1047 (9th Cir. 2009). We reject as unsupported by the record Portillo's contentions that the agency applied an incorrect legal standard or otherwise erred in the analysis of her CAT claim.

**PETITION FOR REVIEW DENIED.**

16-72257